IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-CV-02763-E |
| TOUCH A LIFE FOUNDATION INC et al., | § § § | |
| Defendants. | § § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Touch a Life Foundation Inc. (TAL)'s Motion to Dismiss for Lack of Personal Jurisdiction, which seeks dismissal of all of Plaintiff Boy Scouts of America (BSA)'s claims. (ECF No. 20). BSA has responded. (ECF No. 30). TAL has replied. (ECF No. 32). After considering the Parties' briefing, appendices, and applicable law, the Court DENIES TAL's motion to dismiss for the reasons enumerated hereunder.

## I.   BACKGROUND

BSA initiated this litigation on December 12, 2022. (ECF No. 1). As amended, BSA asserts claims against TAL relating to "(a) federal trademark infringement under 15 U.S.C. § 1114(a) (Lanham Act § 32(a)), (b) false designation of origin and unfair competition under 15 U.S.C. § 1125(a) (Lanham Act § 43(a)), (c) trademark dilution under 15 U.S.C. § 1125(c) (Lanham Act § 43(c)), (d) cybersquatting under 15 U.S.C. § 1125(d) (Lanham Act § 43(d)), and (e) related causes of action under the laws of the State of Texas." (ECF No. 12 at 1). Regarding the Parties, BSA pled:

> 4. Touch A Life is a non-profit corporation organized under the laws of the State of Delaware, with its principal place of business at 4701 Patrick Henry Drive, Bldg.

> 20, Santa Clara, California, 95054. Touch A Life is listed as "active" with the Texas Secretary of State with respect to having a "right to transact business in Texas" and has a registered office street address at 1175 Diane Circle Lewisville, Texas, 75033. Among other things, Touch A Life operates a youth program under the Infringing Mark.
>
> 5. Upon information and belief, Touch A Life markets and operates its organization, membership and programs, and offers goods and/or services thereunder, to children, teenagers, high school students, young men, and young women throughout the United States, including, without limitation, in this judicial district and the State of Texas.
>
> 6. BSA is unaware of the names and true capacities of Defendants DOE 1 and DOE2, whether individual, corporate and/or partnership entities and, therefore, sues them by their fictitious names. BSA will seek leave to amend this Complaint upon ascertaining the true names and capacities of DOE 1 and DOE 2.
>
> 7. Upon information and belief, DOE 1 and DOE 2 are in some manner responsible for the ownership, maintenance, and operation of one or both of Defendants' Websites, including the Infringing Domain.
> . . . .
> 10. Upon information and belief, one or more of Defendants currently manage and operate Defendants' Websites.

(ECF No. 12 at 2-3). BSA's pleading asserts ownership and registration of various marks and their respective use. (ECF No. 12 at 5-11). In relation to the alleged infringing conduct, BSA pled, *inter alia*:

> 43. Around July 2020, Defendants began offering youth organization services and programs under the Infringing Mark directed to youth in Texas and throughout the United States.
>
> 44. Defendants are advertising and offering their services in commerce to consumers and operate in the State of Texas and throughout the United States.
>
> 45. Defendants use the Infringing Mark, *inter alia*, as a tradename, program name, in connection with its goods and/or services, and even refer to their youth participants/members as "TALScouts".
>
> 46. For example, on December 15, 2021, Defendants posted a video on Youtube titled "Team Texas TALScouts at the Final Pitch Fest of TRANSFORMERS 2021" in which it shows Defendants' members presenting community involvement ideas. (https://www.youtube.com/watch?app=desktop&v=LG43CNy-0dw).

47. On March 12, 2021, Touch A Life filed a trademark application to register the Infringing Mark for use with "Charitable education services, namely, providing internships and apprenticeships to children and the youth in the field of participating in charitable events, charitable fundraising and promoting the welfare of others" in International Class 41 (the "TALScouts Application").

48. In the TALScouts Application, Touch A Life claims that the Infringing Mark has been in use in commerce since at least as early as July 2020.
. . . .
52. For example, on August 23, 2022, Defendants posted a press release promoting a hybrid event in which it states that it will explore the topic and theme of "TAL Scouts: Inspiring youths to foster the next generation of social entrepreneurs". (https://www.touchalife.org/newsroom/press-releases/touch-a-life-foundation-announces-world-kindness-day-2022/).

53. The press release also stated that Defendants' hybrid event was supported by various organizations, including the North Texas Food Bank, which is located in Plano, Texas.

54. Upon information and belief, Defendants own and operate Defendants' Websites, including the Infringing Domain.

55. One of Defendants' websites (touchalife.org) includes a direct link for users to access the Infringing Domain.

56. The opening page of the Infringing Domain provides, inter alia, the following links: "Join TALScouts"; "Start TALScouts Club in Your School"; "Become a TALScouts Mentor"; "Meet Your TALScouts Leaders"; and "Register for TALScouts Newsletter". A true and correct copy of a printout of a webpage from the Infringing Domain website is attached hereto as Exhibit C.

57. The following images appear on every webpage of the Infringing Domain:



. . . .
72. Defendants' Infringing Domain of "talscouts.org" incorporates therein the term "SCOUTS".
. . . .
79. Defendants knowingly created Defendants' Websites and/or had them created on their behalf, and Defendants' Websites can be seen and accessed by the consuming public in the State of Texas and throughout the United States.

(ECF No. 12 at 12-17). BSA further attaches several documents to its amended complaint. (*See* ECF Nos. 12-1-12-9).

On March 28, 2023, TAL moved to dismiss all of BSA's claims under Federal Rule of Civil Procedure 12(b)(2)—arguing that no general or specific jurisdiction exists. (ECF No. 20). In response, BSA argues that both general and specific jurisdiction exists. (ECF No. 32). The Parties have each submitted appendices that relate to jurisdictional facts. (*See* ECF Nos. 21; 26; 31). Having been fully briefed, TAL's motion is ripe for determination.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides: "a party may assert the following defenses by motion: . . . (2) lack of personal jurisdiction[.]" Fed. R. Civ. P. 12(b)(2). When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's personal jurisdiction over the defendant but need only make a *prima facie* case supporting personal jurisdiction at the Rule 12(b)(2) stage. *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018) (citations omitted). In ruling on Rule 12(b)(2) motions, courts must accept a plaintiff's uncontroverted, nonconclusory factual allegations as true and resolve all controverted allegations in the plaintiff's favor. *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (citation omitted). However, courts need not credit conclusory allegations, even if uncontroverted, in ruling on a motion to dismiss for lack of personal jurisdiction. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (citations omitted). Courts may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, and other recognized methods of discovery. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citations omitted).

### III. PERSONAL JURISDICTION

"There is personal jurisdiction if the state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process." *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston*, 523 F.3d at 609 (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Due process requires that the defendant have "minimum contacts" with the forum state (*i.e.*, that the defendant has purposely availed himself of the privilege of conducting activities within the forum state) and that exercising jurisdiction is consistent with "traditional notions of fair play and substantial justice." *Johnston*, 523 F.3d at 609 (quoting *Wilson*, 20 F.3d at 647)). The Fifth Circuit has explained:

> The "minimum contacts" inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it "reasonably anticipates being haled into court."[] The defendant "must not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or third person.'"[]

*McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (internal footnotes and citations omitted). "A single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." *Lewis v. Fresne*, 252 F.3d 352, 358–59 (5th Cir. 2001). "There are two types of 'minimum contacts': [(i)] those that give rise to specific personal jurisdiction and [(ii)] those that give rise to general personal jurisdiction." *Lewis,* 252 F.3d at 358.

#### A. Specific Personal Jurisdiction

Specific jurisdiction may exist "over a nonresident defendant whose contacts with the forum state are singular or sporadic only if the cause of action asserted arises out of or is related to those contacts." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193,

212 (5th Cir. 2016) (citing *McFadin*, 587 F.3d at 759). In other words, such jurisdiction exists "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (internal quotation marks omitted). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotations omitted). The Supreme Court has explained that the specific jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (citation and internal quotation marks omitted). Specifically, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

### B. General Personal Jurisdiction

"A court may assert general jurisdiction over [non-resident defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Brown*, 564 U.S. at 919. Establishing general jurisdiction is "difficult" and requires "extensive contacts between a defendant and a forum." *Johnston*, 523 F.3d at 609. "Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required . . . . [V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 609–10 (quoting *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002)).

## C. Burden Shifting

"Once a plaintiff establishes minimum contacts between the defendant and the forum state, the burden of proof shifts to the defendant to show that the assertion of jurisdiction is unfair and unreasonable." *Sangha*, 882 F.3d at 102 (citing *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). The Fifth Circuit has explained:

> **The defendant must make a "compelling case."** *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In determining whether the exercise of jurisdiction is fair and reasonable, the court must balance: **(1)** the burden on the nonresident defendant of having to defend itself in the forum, **(2)** the interests of the forum state in the case, **(3)** the plaintiff's interest in obtaining convenient and effective relief, **(4)** the interstate judicial system's interest in the most efficient resolution of controversies, and **(5)** the shared interests of the states in furthering fundamental social policies. *Id.*; *see also Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 115, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

*Sangha*, 882 F.3d 96, 102 (5th Cir. 2018) (emphasis added in bold).

### IV. ANALYSIS

## A. The Court Has Specific Jurisdiction Over BSA's Claims Against TAL

The Fifth Circuit applies a three-step analysis to determine whether specific personal jurisdiction over a defendant exists:

> **(1)** whether the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; **(2)** whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and **(3)** whether the exercise of personal jurisdiction is fair and reasonable.

*Luv N' Care v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (quoting *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)) (emphasis added in bold); *see, e.g.*, *McFadin*, 587 F.3d at 759 (discussing the same).

It is undisputed that TAL's website(s), which contain the alleged infringing mark(s), can be seen and accessed by the public in the State of Texas. In its pleadings and appendices, BSA

includes documents that show TAL purposely directed its activities toward Texas or, otherwise, purposely availed itself of the privileges of conducting activities in Texas. TAL likewise offers documents that show the same. The record shows: (i) TAL offered programs, products, and services in Texas; (ii) TAL marketed those services to students in Texas, including in Dallas; (iii) students in Texas participated in TAL-related "TALScouts" programs through projects and media published online[1]; (iv) the TALScouts projects in Texas benefitted the North Texas Food Bank and other organizations in North Texas; (v) in filings to the Texas Secretary of State, TAL registered an entity named "TALRadio, Inc." with a principal office in Lewisville, Texas to transact radio station business in Texas[2]; (vi) TAL sought to obtain funds through solicitation in Texas and made such requests on the TAL website(s); and (vii) various speakers and organizers that TAL worked with for its program(s) reside in Texas. Under these circumstances, the Court concludes BSA has met its burden to show the first step of the inquiry. Furthermore, in light of the pleadings, jurisdictional briefing, and appendices, the Court further concludes BSA's causes of action arise out of or result from TAL's contacts with Texas. BSA has met its *prima facie* case supporting personal jurisdiction at the Rule 12(b)(2) stage.

Next, the burden shifts to TAL to show that the assertion of jurisdiction is unfair and unreasonable based on the five factors enumerated in *Sangha*, 882 F.3d 96, 102. Here, TAL's briefing includes no specific discussion of the five factors. (ECF No. 20 at 19-20); *see Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 276 (5th Cir. 2006); *see also Asahi Metal Indus. Co. v. Superior Court of Ca.*, 480 U.S. 102, 115 (1987). Instead, TAL argues the Court must consider "the interest of the state in providing a forum for the suit, the relative conveniences and

---

[1] The record refers to this group as "Team Texas" and "TALScouts." (*See* ECF No. 12-8 at 7); (*see generally* ECF No. 26 at 6-11).
[2] (*See* also ECF No. 20 at 11; ECF No. 26 at 10-11).

inconveniences to the parties, and the basic equities." *Stuart*, 772 F.2d at 1191. TAL briefs as follows:

> Here, a small California-based charity is being sued by a nationwide organization in its home state of Texas even though TAL has not conducted any business activities in the State, and even though its connections with Texas are tenuous at best.
> Again, TAL is not a "scouting organization" like BSA and is involved only in a narrow scope of activities – namely, the types of fundraising activities that BSA is specifically precluded from pursuing under. BSA alleges infringement, even though its own bylaws explicitly prohibit its members from engaging in very activities that form the core of TAL's services. This lawsuit appears to be motivated by BSA's desire to press a misguided and overly broad claim of exclusive rights to the term "scouts" – a claim that seeks to expand its actual rights beyond reasonable limits and which seeks to send a warning message to a broader audience. This strategy is evidenced, in part, by BSA's decision to file the lawsuit in Texas, despite TAL being based in California, which appears to be an attempt to unfairly prejudice TAL, to tax TAL's resources, and to complicate its legal defense.

(ECF No. 20 at 19-20). Here, the Court concludes TAL has failed to make a "compelling case" that the Court's assertion of jurisdiction is unfair and unreasonable. *Sangha*, 882 F.3d 96, 102. At most, TAL demonstrates an inconvenience which would be equally felt by forcing BSA to litigate in California, TAL's state of principal business.[3] "Texas has an interest in . . . providing a convenient forum for its residents to resolve their disputes." *McFadin*, 587 F.3d at 763. The Court finds no overwhelming burden to TAL that outweighs the interests of BSA and the forum state. *See Brandt*, 195 F.3d at 216; *see generally BidPrime, LLC v. SmartProcure, Inc.*, No. 1:18-CV-478-RP, 2018 WL 5260050, at *4 (W.D. Tex. Oct. 22, 2018) (denying dismissal under Rule 12(b)(2)). "It is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown." *Brandt*, 195 F.3d at 215. For those reasons, the Court must find and conclude that

---

[3] TAL avers "TAL is a non-profit corporation organized and operating under the laws of Delaware, with a principal place of business in California." (ECF No. 20 at 10).

the Court's assertion of jurisdiction in this case is not violative of due process and that the Court may exercise personal jurisdiction over TAL with respect to BSA's claims.

### B. General Jurisdiction

Having determined the Court has specific personal jurisdiction over TAL as to BSA's claims, the Court pretermits discussion of general personal jurisdiction.

### V. CONCLUSION

Having concluded hereabove that the Court may assert jurisdiction over TAL as to BSA's claims, the Court **DENIES** TAL's motion to dismiss.

**SO ORDERED.**

2nd day of February, 2024.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE